IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 13-cv-00659-BNB

TIMOTHY MEEK,

     Plaintiff,

v.

DISCIPLANARY [sic] DUE PROCESS BOARD,
SARGENT JORDAN Badge #?
CAPTIN [sic] ROMERO Badge #?
SARGENT ROLANDO Badge # S04032, and
CAPTIN [sic] ? Badge #S90132,

     Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Timothy Meek, currently is incarcerated at the Denver County Jail.  He filed *pro se* a Prisoner Complaint (ECF No. 1) for injunctive relief and an amendment (ECF No. 6) to the complaint.  He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe liberally the Prisoner Complaint and its amendment because Mr. Meek is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Meek will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The Court has reviewed the Prisoner Complaint, as amended, and finds that it

does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil

Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice

of the basis for the claims against them so that they may respond and to allow the court

to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See*

*Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of*

*Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8

are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN,*

*Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain

statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement

of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief

sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that

"[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and

(d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading

rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Meek's complaint, as amended, is vague.  He asserts two claims for relief.  In

the original complaint, he alleges that after a sprinkler went off in pod 2D on February 2,

2013, he was charged with a Denver municipal code violation for damaging, defacing,

or destroying public property.  *See* ECF No. 1 at 14.  He further alleges that he was

charged and convicted on the disciplinary charges of resisting, interfering, or violently

threatening a deputy sheriff or sheriff's department staff member: non-compliance with a

direct order during an emergency; disrupting or interfering with the security or the

orderly operation of the institution or encouraging others to do so; refusing to obey a

direct order of any staff member; and flooding of a cell, pod or housing unit or the tampering with a first sprinkler head.  *See id.* at 13.  He was sanctioned by sixty days of punitive segregation.  He appears to be suing two Defendants, Sargeant Jordan and Captain Romero, for their responses to the administrative appeal of his disciplinary convictions, and Sergeant Rolando for allegedly failing to serve him with a notice of charges.  It is unclear from the complaint the reason or reasons he is suing the unnamed captain or the disciplinary due process board.

In the amendment to the complaint, Mr. Meek asserts a second claim that he was sentenced illegally and complains about the privileges he allegedly is being denied.  He fails to allege against which Defendant or Defendants the second claim is asserted.

In order to state a claim in federal court, Mr. Meek "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In addition, § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if

3

such deterrence fails.").  Therefore, Mr. Meek should name as defendants in his

amended complaint only those persons that he contends actually violated his federal

constitutional rights.

Personal participation is an essential allegation in a civil rights action.  *See*

*Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal

participation, Mr. Meek must show that each defendant caused the deprivation of a

federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an

affirmative link between the alleged constitutional violation and each defendant's

participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*,

992 F.2d 1053, 1055 (10th Cir. 1993).  A supervisory officials may not be held liable for

the unconstitutional conduct of his or her subordinates on a theory of respondeat

superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for
> conduct "arising from his or her superintendent
> responsibilities," the plaintiff must plausibly plead and
> eventually prove not only that the official's subordinates
> violated the Constitution, but that the official by virtue of his
> own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556

U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government

official for conduct that arises out of his or her supervisory responsibilities, a plaintiff

must allege and demonstrate that: "(1) the defendant promulgated, created,

implemented or possessed responsibility for the continued operation of a policy that (2)

caused the complained of constitutional harm, and (3) acted with the state of mind

required to establish the alleged constitutional deprivation."  *Id.* at 1199.

Mr. Meek appears to sue two officers--Sargeant Jordan and Captain Romero--whose only apparent involvement in the alleged constitutional violations was to deny his administrative appeal of the disciplinary conviction and placement in punitive segregation.  *See* ECF No. 1 at 11.  Such allegations are not sufficient to hold these Defendants liable under § 1983.  "[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."  *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

Mr. Meek may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Meek uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Finally, Mr. Meek is advised that Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. *See* D.C.COLO.LCivR 10.1E. and G.  The amended complaint Mr. Meek will be directed to file, whether handwritten or typed, shall be double-spaced and legible, in capital and lower-case letters, in compliance with D.C.COLO.LCivR 10.1E. and G.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992);  *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8.  Mr. Meek will be given an opportunity to cure the deficiencies in his complaint by submitting an amended complaint that states claims clearly and concisely in compliance with Fed. R.

Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.  The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended application.

Accordingly, it is

ORDERED that Plaintiff, Timothy Meek, file, **within thirty (30) days from the date of this order**, an amended Prisoner Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure as discussed in this order.  It is

FURTHER ORDERED that Mr. Meek shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that  form in submitting the amended complaint.  It is

FURTHER ORDERED that, if Mr. Meek fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the complaint, as amended, and the action will be dismissed without further notice.

DATED April 17, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge