IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00659-BNB

TIMOTHY MEEK,

     Plaintiff,

v.

SARGEANT MR. JORDAN,
CAPTIN [sic] MR. ROMERO,
SARGEANT MR. ROLANDO, and
CAPTIN [sic] MOORE, each Defendant is sued individually and in his official capacity.
     At all times mentioned in this complaint each Defendant acted under the color of
     state law,

     Defendants.

---

## ORDER OF DISMISSAL

---

     Plaintiff, Timothy Meek, currently is incarcerated at the Denver County Jail.  He

filed *pro se* a Prisoner Complaint (ECF No. 1) for injunctive relief and an amendment

(ECF No. 6) to the complaint.  He was granted leave to proceed pursuant to 28 U.S.C. §

1915.  On April 17, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Meek to file an

amended Prisoner Complaint that complied with the pleading requirements of Rule 8 of

the Federal Rules of Civil Procedure and alleged the personal participation of each

named Defendant.  On May 7, 2013, Mr. Meek filed an amended Prisoner Complaint.

     The Court must construe liberally the amended Prisoner Complaint because Mr.

Meek is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court

should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the

reasons stated below, the amended Prisoner Complaint and the action will be dismissed.

The Court has reviewed the amended Prisoner Complaint and finds that, like the complaint Mr. Meek originally filed, the amended complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  As Mr. Meek was advised, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Meek's amended complaint is more vague than the complaint he originally filed.  He asserts one claim that he was denied equal protection and due process.  He discusses both a court hearing and conviction for destruction of public property in relation to an incident involving a prison sprinkler and a disciplinary hearing involving the

same incident, and fails to make clear which proceeding – the court or the disciplinary

proceeding or both – he is challenging in the instant action.

In his original complaint, Mr. Meek asserts more facts concerning the sprinkler

incident, summarized by Magistrate Judge Boland in the April 17 order for an amended

complaint as follows:

> [H]e alleges that, after a sprinkler went off in pod 2D on
> February 2, 2013, he was charged with a Denver municipal
> code violation for damaging, defacing, or destroying public
> property.  *See* ECF No. 1 at 14.  He further alleges that he
> was charged and convicted on the disciplinary charges of
> resisting, interfering, or violently threatening a deputy sheriff
> or sheriff's department staff member; non-compliance with a
> direct order during an emergency; disrupting or interfering
> with the security or the orderly operation of the institution or
> encouraging others to do so; refusing to obey a direct order
> of any staff member; and flooding of a cell, pod or housing
> unit or the tampering with a first sprinkler head.  *See id.* at
> 13.  He was sanctioned by sixty days of punitive
> segregation.

ECF No. 10 at 2-3.

In the amended complaint, Mr. Meek argues he was denied due process in the

disciplinary hearing because he never received a notice of charges and was not allowed

to present evidence, call witnesses, or attend his hearing for security reasons.  He further

alleges he was treated unequally by not being allowed to attend the disciplinary hearing

or by having Defendant Captain Moore enter pod 2D to conduct the hearing, as he has

on other occasions for other inmates.  Mr. Meek does not allege that his prison

disciplinary hearing may have resulted in the loss of good-time credits to trigger the

minimal safeguards afforded by the Due Process Clause.  *See Wolff v. McDonnell*, 418

U.S. 539, 563-66 (1974) (Adequate due process in a disciplinary proceeding that

implicates a protected liberty interest requires advance written notice of the charges, an

opportunity to call witnesses and present documentary evidence, and a written

statement by the factfinders of the reasons for the decision and the evidence on which

they relied.).  Nor does he allege that the disciplinary conviction and resulting

segregation imposed an "atypical and significant hardship on [him] in relation to the

ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  In the

instant action, he appears only to challenge the disciplinary – and possibly state court –

proceedings.

Mr. Meek still fails to make clear whether he is suing Sargeant Jordan and

Captain Romero only because they denied his administrative appeal of the disciplinary

conviction and placement in punitive segregation.  If so, Magistrate Judge Boland

already informed Mr. Meek that such allegations are insufficient to hold these

Defendants liable under § 1983.  *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th

Cir. 2009) ("[A] denial of a grievance, by itself without any connection to the violation of

constitutional rights alleged by plaintiff, does not establish personal participation under §

1983.").

Finally, to the extent Mr. Meek may be attempting to challenge the state court

conviction for destruction of public property, his damages claims are barred by the rule

in *Heck v. Humphrey*, 512 U.S. 477 (1994).  Pursuant to *Heck*, if a judgment for

damages necessarily would imply the invalidity of a criminal conviction or sentence, the

action does not arise until the conviction or sentence has been reversed on direct

appeal, expunged by executive order, declared invalid by an authorized state tribunal, or

called into question by the issuance of a federal habeas writ.  *See Heck* , 512 U.S. at

4

486-87.  Mr. Meek does allege that he has invalidated his conviction and sentence through a writ of habeas corpus.

Because it is not clear what specific claims Mr. Meek is asserting, the Court will dismiss the action for failure to comply with Rule 8.  Despite specific instructions from Magistrate Judge Boland, Mr. Meek fails to provide a short and plain statement of facts to support a federal claim under § 1983 and does not explain what each Defendant did to him, when each Defendant did it, how each Defendant's action harmed him, and what specific legal right he believes each Defendant violated.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  Therefore, the action will be dismissed for failure to file an amended Prisoner Complaint that complies with Rule 8 as directed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Meek files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended Prisoner Complaint (ECF No. 15) and the action are dismissed without prejudice pursuant to Rules 8 and 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Timothy Meek, to file an amended Prisoner Complaint that complies with the pleading requirements of Rule 8 and the directives of the order of April 17, 2013 (ECF No. 10).  It is

5

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this _13th_ day of ___May_____, 2013.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court