IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00659-LTB

TIMOTHY MEEK,

    Plaintiff,

v.

SARGEANT MR. JORDAN,
CAPTIN [sic] MR. ROMERO,
SARGEANT MR. ROLANDO, and
CAPTIN [sic] MOORE, each Defendant is sued individually and in his official capacity.
    At all times mentioned in this complaint each Defendant acted under the color of state law,

    Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, Timothy Meek, currently is incarcerated at the Denver County Jail. He filed *pro se* on June 11, 2013, a motion titled "Motion and Order to Set Aside Default Judgment" (ECF No. 18). The Court must construe the motion liberally because Mr. Meek is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion to set aside default judgment will be treated as a motion to reconsider, and denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  See Fed. R. Civ. P. 59(e).  A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b).  See Van Skiver, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)).  Mr. Meek's motion was filed twenty-nine days after the Court's Order of Dismissal and Judgment were entered on May 13, 2013.  Therefore, the motion will be construed as a motion to reconsider filed pursuant to Fed. R. Civ. P. 60(b).

On May 13, the Court dismissed the instant action without prejudice pursuant to Fed. R. Civ. P. 8 and 41(b) for Mr. Meek's failure to file an amended Prisoner Complaint that complied with the pleading requirements of Fed. R. Civ. P. 8 and the directives of the order of April 17, 2013 (ECF No. 10).  See ECF No. 16.  The May 13 dismissal order discusses in detail the reasons for the dismissal.

Relief under Rule 60(b) is appropriate only in extraordinary circumstances.  See Massengale v. Oklahoma Bd. of Examiners in Optometry, 30 F.3d 1325, 1330 (10th Cir. 1994).  Upon consideration of the motion and the entire file, the Court finds that Mr. Meek fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.  The Fed. R. Civ. P. 60(b) motion does not alter the Court's conclusion that this action properly was dismissed.  Therefore, the Fed. R. Civ. P. 60(b) motion will be denied.

Accordingly, it is

ORDERED that the motion titled "Motion and Order to Set Aside Default

Judgment" (ECF No. 18), that Plaintiff, Timothy Meek, filed *pro se* on June 11, 2013, and which the Court has treated as a motion seeking relief from the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, is denied.  It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 21) filed on June 12, 2013, seeking leave to proceed *in forma pauperis* on appeal, is denied as moot.  The dismissal order of May 13, 2013, already denied Mr. Meek leave to proceed *in forma pauperis* on appeal.  It is

FURTHER ORDERED that the motion for appointment of counsel (ECF No. 19) Mr. Meek also filed on June 12, 2013, is denied as moot with leave to refile in the United States Court of Appeals for the Tenth Circuit, where he is pursuing an appeal.  It is

FURTHER ORDERED that any other pending motions are denied as moot.

DATED at Denver, Colorado, this  25th  day of      June         , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court